# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **JOSE ROMERO,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.:** |
| **vs.** | **_____** |
| **PURERED CREATIVE, LLC** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Jose Romero (hereinafter "Plaintiff"), in his Complaint against Defendant Purered Creative, LLC (hereinafter "Purered" or "Defendant") showing the Court as follows:

1.

This is an action arising out of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-216. Plaintiff is a resident of the State of Georgia and is a former employee of Purered, which was the FLSA employer of Plaintiff at all times relevant hereto. Plaintiff served as a graphic designer for Purered and was paid an annual salary of approximately $50,000 - $60,000 during the relevant time period. At certain times prior to the period relevant hereto, Plaintiff received hourly wages from

Defendant. Plaintiff brings this action to recover from Defendant unpaid overtime compensation, liquidated damages, attorneys' fees, and costs pursuant to Section 6(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 216(b), as described below.

2.

Between the commencement of Plaintiff's employment and through his termination, Plaintiff regularly worked between 42.5 to 65 hours per week. However, Defendant had a known and stated (by Defendant) policy of not paying Plaintiff time and one-half for hours worked over forty per week. Defendant improperly classified Plaintiff as an employee that was "exempt" from overtime eligibility. Consequently, Plaintiff was never paid time and one-half wages for any hours worked over 40 hours weekly as required by the FLSA.

3.

At all times relevant hereto, Purered was and is a Georgia corporation doing business in this judicial district with an office located at 2196 West Park Court, Stone Mountain, Georgia 30087.

4.

Defendant is subject to actions of this kind and nature and may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure.

5.

Defendant's business activities involve those to which the FLSA applies, and Defendant is an employer under the FLSA, 29 U.S.C. § 203. Plaintiff is further covered by §§ 206-207 of the FLSA for the period in which he was employed by Defendant.

6.

Plaintiff is individually covered under the FLSA because Plaintiff's work constitutes an engagement in interstate commerce, or the production of goods for interstate or foreign commerce, including any closely related process or occupation directly essential to such production. Defendant's business activities involve those to which the FLSA applies. Both Defendant's business and Plaintiff's work for Defendant affected interstate commerce for the relevant time period. Plaintiff's work for the Defendant engaged in interstate commerce for the relevant time period because Plaintiff's employment utilized telephones, a facsimile machine, the U.S. mail, and/or a computer e-mail system to communicate with persons in another state and/or utilized the materials that are transported through interstate commerce prior to and/or subsequent to Plaintiff's work with same. Plaintiff's work for Defendant was actually in and/or so closely related to the movement of commerce while he worked for Defendant that the FLSA applies to Plaintiff's work for Defendant.

7.

This Court has original jurisdiction upon Plaintiff's claims, based upon Plaintiff's FLSA allegations, and pursuant to 28 U.S.C. §1331 and §1337. The wage and hour violations alleged herein all occurred in this District.  Venue is proper in this Court under 28 U.S.C. §§1391(b) and (c).

8.

Defendant operates an integrated marketing company that creates, publishes, and sells marketing and advertising solutions and products. Defendant's annual dollar volume of sales or business done is not less than $500,000.

9.

Defendant employed Plaintiff from 1991 – April 30, 2016 as a graphic designer. Plaintiff's primary responsibility included receiving photos, images, an/or other graphic materials from Defendant's clients via Defendant's account managers and assembling such materials in the way(s) the clients instructed. During his employment with Defendant, Plaintiff worked between 42.5 to 65 hours per week most weeks.

10.

At all relevant times, Plaintiff was improperly classified as exempt from the FLSA overtime requirement and not paid any overtime. Defendant treated Plaintiff's

position as a "full-time, exempt position," but it should have been characterized as a non-exempt position entitling Plaintiff to overtime at the time of his hiring and throughout the course of his employment. Plaintiff was paid an annual salary during the period relevant to this Complaint.

11.

Plaintiff's duties did not involve job functions that satisfied criteria for "exempt" status under the FLSA, 29 U.S.C. §213.

12.

Defendant willfully violated the FLSA. Defendant was aware that Plaintiff did not qualify for any exemption under the FLSA. Defendant classified other graphic designers as "non-exempt" employees and paid the other graphic designers overtime. Defendant routinely assigned Plaintiff project deadlines that required Plaintiff to work long hours over forty in nearly every week. However, Defendant failed to pay Plaintiff any overtime premium(s) even though Defendant knew this to be a violation of the FLSA.

13.

Defendant maintained inadequate time records and reports in violation of 29 U.S.C. § 211(c) (requiring every employer to "make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other

conditions and practices of employment maintained by him"); *see also* 29 C.F.R. § 516.2(a)(7) (requiring that employers maintain records of "[h]ours worked each workday and total hours worked each work week" by employees). Although Plaintiff was required to clock in each morning and out each evening (and in and out for lunch each day), Defendant paid Plaintiff for only 40 hours per week on each of Plaintiff's paychecks, regardless of whether more than 40 hours were actually worked by Plaintiff.

## COUNT I – FLSA VIOLATIONS

### 14.

Plaintiff re-alleges paragraphs 1 through 13 and herein incorporates them by reference to this count.

### 15.

Defendant's policies and actions, as stated above, have caused Plaintiff to be deprived of wages due to him.

### 16.

Defendant's policies and actions as stated above, constitute a violation of the FLSA, 29 U.S.C. § 207 (requiring time and one half to be paid for all hours worked over forty (40) in a given week) and a violation of the regulations promulgated thereunder by the Department of Labor.

6

17.

Pursuant to 29 U.S.C. § 216(b), Defendant is liable to Plaintiff in the amount of his unpaid wages, an additional amount as liquidated damages, and his reasonable attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays this Court grant the following relief:

a.      a trial by jury pursuant to Fed. R. Civ. P. 38(b);

b.      an award of past due wages for the Plaintiff for the three years preceding the filing of this Complaint;

c.      an award of liquidated damages for the violations of federal law alleged herein;

d.      a permanent injunction against Defendant, prohibiting Defendant from further acting in violation of the FLSA;

e.      reasonable attorneys' fees, and expenses of litigation;

f.      prejudgment interest, Plaintiff's costs, and disbursements herein; and

g.      any and other such further relief this Honorable Court or the Finder of Fact deems equitable and just.

Respectfully submitted this 10th day of October, 2017.

By:    /s/ Douglas R. Kertscher
        Douglas R. Kertscher
        Georgia State Bar No. 416265
        Jennifer L. Calvert
        Georgia State Bar No. 587191
        **HILL, KERTSCHER &**
        **WHARTON, LLP**
        3350 Riverwood Parkway SE, Suite 800
        Atlanta, GA 30339
        Tel: (770) 953-0995
        Fax: (770) 953-1358
        Email: drk@hkw-law.com
             jc@hkw-law.com

        *Attorneys for Plaintiff*